IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CARL LEVERT SLOAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-118 |
| | ) | |
| ERIC SELLERS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

Petitioner, an inmate incarcerated at Wilcox State Prison in Abbeville, Georgia, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is Petitioner's motion to amend.[1] (Doc. no. 12.) For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's motion.

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, applies to § 2254 petitions. See Mayle v. Felix, 545 U.S. 644, 655 (2005). Thus, the Court will apply a traditional Rule 15 analysis to Petitioner's motion to amend. Specifically, Rule 15(a)(1) provides that:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

---

[1] Although docketed as an "Amended Petition," since a response has already been filed, Petitioner must have permission from the Court to amend his petition. See Fed. R. Civ. P. 15(a)(2).

Because Petitioner's motion to amend was filed more than twenty-one days after Respondent's answer to the § 2254 petition, he cannot amend as a matter of right under Rule 15(a)(1). If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182).

Here, Petitioner seeks to amend his petition and replace Respondent Sellers with Antoine Caldwell, the present Warden of Wilcox State Prison. Rule 2(a) of the Rules Governing § 2254 Cases provides that if the petitioner is "currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Because Warden Caldwell is Petitioner's present custodian, the Court **GRANTS** Petitioner's request to replace Respondent Sellers with Antoine Caldwell. The Court **DIRECTS** the **CLERK** to change Eric Sellers to Antoine Caldwell.

Petitioner also seeks to amend his petition to add the additional claim that several

2

typographical errors in the state habeas court's opinion violated his due process rights because the state habeas court "misrepresent[ed] . . . the evidence." (Doc. no. 12, pp. 2-3.) Petitioner takes issue with the state habeas court's statement of procedural history in which the state habeas court erroneously stated Petitioner was convicted of two counts of aggravated battery, and four counts of cruelty to children when Petitioner was actually convicted of one count of aggravated battery, one count of aggravated assault, and three counts of cruelty to children. (Doc. no. 10-10, p. 2.) Petitioner asks this Court to consider the state habeas court's errors in ruling on his petition because Petitioner contends the typographical errors supported his recidivist sentence. (See id. at 3.)

Here, allowing Petitioner to amend his motion to add this claim would be futile. Petitioner's claim does not warrant federal relief because it does not assert a violation of the Constitution or law or treaties of the United States. See 28 U.S.C. § 2254(a); Leonard v. Philbin, No. 1:15-CV-2491-WSD-RGV, 2016 WL 3227500, at *4 (N.D. Ga. June 13, 2016) (finding petitioner's claim based on typographical error by Georgia Court of Appeals did not state claim for relief under 28 U.S.C. § 2254). The record is unequivocal that Petitioner was convicted of one count of aggravated battery, one count of aggravated assault, and three counts of cruelty to children; the state habeas court's erroneous misstatements do not change or affect Petitioner's recidivist sentence, contrary to his contentions. Accordingly, because the addition of this claim would be futile, the Court **DENIES** Petitioner's request to amend

his petition to add this claim.

    SO ORDERED this 26th day of October, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA