IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CARL LEVERT SLOAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-118 |
| | ) | |
| ANTOINE G. CALDWELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Hancock State Prison in Sparta, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254. The Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.    BACKGROUND

Petitioner challenges the validity of his convictions in the Superior Court of Richmond County for one count of aggravated assault, one count of aggravated battery, four counts of false imprisonment, three counts of cruelty to children, and one count of battery.[1] (Doc. no. 1, p. 1.)   The Court of Appeals of Georgia provided the following description of facts underlying the offenses based on the evidence offered against Petitioner at trial:

_____

[1] Richmond County Superior Court Docket at http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for "Sloan, Carl"; click on 2000 RCCR00171, last visited July 28, 2016); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

The evidence at trial showed that Sloan became angry at his girlfriend one night and woke her up, "fussing and cussing" at her for allegedly seeing another man. He removed his belt and beat her with it, slapped her face, and wrapped the belt tightly around her neck, choking her and threatening to kill her. Sloan finally allowed the victim to go to work, where she made an outcry. In addition to multiple bruises and scratches, the victim's index finger was broken in two places, and the next day, she went to an emergency room for examination and treatment. Due to the nature of the victim's injuries, several law enforcement officers came to the emergency room and talked to the victim, who would not name Sloan as her assailant because she feared "[h]e would go to jail and get out, and [she] didn't know what was going to happen after that." The victim took out a warrant against Sloan the next day, obtained a temporary protective order, and changed her locks.

In the early hours of December 24, 1999, Sloan returned to the victim's residence and pushed his way in while holding a 22–ounce beer bottle. He grabbed the victim by her ponytail, dragged her into her bedroom, and began slapping her. During the assault, the victim's three children, who were ages four, eight, and nine as of the trial, came into the hallway, and Sloan ordered them to sit on the bed by their mother, who was crying. Sloan continued cursing at the victim, smashed the beer bottle on the television, and used the broken bottle to cut the victim's arm and leg. The children were "hollering and crying," and the four-year-old told Sloan to stop hitting his mother. Sloan told him to "shut the f* * * up" and slapped him. When the victim's daughter told Sloan to stop hitting her mother, he replied, "Your mama is a mother-f* * *ing whore" and began to spit on the mother. The mother quietly encouraged her daughter to leave the house and get help from her great-grandmother, who lived across the street. The great-grandmother called 911, but Sloan left the house before the police arrived.

Sloan v. State, 733 S.E.2d 357, 357–58 (Ga. App. 2012).

At trial, Mr. Randolph Frails represented Petitioner, while Ms. Nancy Johnson and Ms. Patricia Johnson represented the state. (Doc. no. 10-4, p. 16.) On May 26, 2000, the jury found Petitioner guilty on the ten counts enumerated above and acquitted him on charges of burglary and terroristic threats. (Doc. no. 10-8, p. 104.) Petitioner was sentenced as a recidivist under O.C.G.A. § 17-10-7(a) to twenty years for aggravated battery, ten years for each false imprisonment count, twenty years for aggravated battery, and twelve months

for battery and each count of cruelty to children, all to be served consecutively for a total of eighty-four years imprisonment. (Doc. no. 10-2, p. 160.)

On June 9, 2000, Petitioner, through trial counsel, filed a motion for a new trial. (Id. at 157.) Petitioner claimed a new trial was necessary because (1) the state failed to prove guilt beyond a reasonable doubt; (2) if the state did prove guilt beyond a reasonable doubt, the evidence was sufficiently close to warrant a retrial; and (3) the trial court committed errors of law, any one of which would require the grant of a new trial. (Id.) In September, 2009, the Superior Court of Richmond County appointed Barbara Claridge to represent Petitioner on his motion for new trial and on appeal. (Doc. no. 10-3, p. 118.) On May 13, 2011, Ms. Claridge argued the motion for new trial before Judge Carl C. Brown. (Doc. no. 10-9, pp. 15-16.) On May 20, 2011, Judge Brown denied Petitioner's motion. (Doc. no. 10-3, p. 125.)

While his motion for new trial was pending, Petitioner filed a state habeas petition in the Superior Court of Mitchell County, which was dismissed as premature on December 17, 2007. (Doc. no. 10-13, p. 1.) On July 8, 2010, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in the Middle District of Georgia, which was transferred to this Court. Sloan v. Chapman, CV 110-096, doc. no. 1 (S.D. Ga. July 8, 2010). On November 30, 2011, this Court dismissed the petition for lack of exhaustion. Id. doc. no. 38.

On direct appeal to the Court of Appeals of Georgia, Ms. Claridge argued the trial court erred when it refused to grant a mistrial after the state's witness placed appellant's character into evidence. (Doc. no. 10-9, p. 35.) On October 16, 2012, the Court of Appeals rejected Petitioner's contention and affirmed his convictions. See Sloan, 733 S.E.2d at 359.

3

Petitioner filed a second state habeas corpus petition *pro se* on November 5, 2012, in

Mitchell County alleging the following nineteen grounds for relief:

(1)     Appellate counsel was ineffective when she did not consult and discuss with Petitioner concerning issues that "needed to be raised" in the motion for new trial and direct appeal.

(2)     Appellate counsel was ineffective when she did not conduct an independent investigation as to the issues that had merit to be raised at the new trial level and direct appeal.

(3)     Appellate counsel was ineffective when she did not allege that trial counsel was ineffective when trial counsel did not object to the charge and instructions on aggravated battery.

(4)     Appellate counsel was ineffective when she did not allege that trial counsel was ineffective when trial counsel did not pose objections to the jury charge on aggravated assault.

(5)     Appellate counsel was ineffective when she did not allege that trial counsel was ineffective when trial counsel did not object to the trial court's false imprisonment jury charge.

(6)     Appellate counsel was ineffective when she did not allege that Petitioner's right to counsel on appeal was denied when the trial court did not appoint new counsel after counsel filed an ex parte motion to withdraw as counsel.

(7)     Appellate counsel was ineffective when she did not allege that Petitioner's due process and equal protection rights were violated due to an inordinate delay in the motion for new trial and the direct appeal.

(8)     Appellate counsel was ineffective when she did not raise meritorious claims on appeal.

(9)     Appellate counsel was ineffective when she did not allege on appeal that the trial court violated Petitioner's due process when the trial court gave an "erroneous jury charge" on aggravated battery.

(10)     Appellate counsel was ineffective when she did not allege on appeal that the trial court violated Petitioner's due process when the trial court gave an "erroneous jury charge" on aggravated assault as it related to a

deadly weapon in that a broken bottle cannot be considered a deadly weapon.

(11)     Appellate counsel was ineffective when she did not allege on appeal that the trial court violated Petitioner's due process when the trial court gave an erroneous jury charge on aggravated assault.

(12)     Appellate counsel was ineffective for failing to raise on appeal that the trial court violated Petitioner's due process when it gave an erroneous jury charge on false imprisonment.

(13)     Appellate counsel was ineffective when she did not allege trial counsel was ineffective for failing to conduct an independent examination of the criminal case.

(14)     Appellate counsel was ineffective when she did not allege trial counsel was ineffective when trial counsel did not object to the use of convictions over ten years for recidivist purposes.  Appellate counsel was ineffective when she did not allege trial counsel was ineffective for failing to pose "proper" objections to the use of the prior convictions, allege the state improperly used these old convictions, and allege that Petitioner's recidivist sentence was cruel and unusual punishment.

(15)     Trial counsel was ineffective when he did not object to the trial court's aggravated battery jury charge.

(16)     Trial counsel was ineffective when he did not object to the trial court's aggravated assault jury charge.

(17)     Trial counsel was ineffective when he failed to object to the trial court's false imprisonment jury charge.

(18)     The trial court violated Petitioner's right to counsel, due process, and equal protection when the trial court did not timely appoint new counsel to handle his appeal.

(19)     The trial court violated Petitioner's rights to due process and equal protection by failing to bring Petitioner's motion for new trial in a timely fashion, resulting in an inordinate delay in Petitioner's direct appeal.

(Doc. no. 10-1, pp. 6-16.)

The state habeas court conducted an evidentiary hearing on September 9, 2013, and appellate counsel testified. (Doc. no. 10-2, pp. 1-37.) The state habeas court denied relief in a final order issued on January 26, 2013. (Doc. no. 10-10.) On December 22, 2014, Petitioner filed a certificate of probable cause to appeal with the Georgia Supreme Court, seeking review of the state habeas court's decision.[2] The Georgia Supreme Court denied the certificate on May 11, 2015. Id.

Petitioner timely filed the above-captioned § 2254 petition *pro se* on August 3, 2015, (doc. no. 1), raising the following grounds for relief:

I.  The trial court violated Petitioner's right to due process, Sixth Amendment right to a fair trial, and Fourteenth Amendment rights when the trial court erroneously charged the jury on aggravated battery, aggravated assault, and false imprisonment.

II.
    a)  Petitioner received ineffective assistance of trial counsel when trial counsel did not object to the "prejudicial and unconstitutional" jury charges discussed in Ground I.

    b)  Petitioner received ineffective assistance of appellate counsel under the Sixth and Fourteenth Amendments when appellate counsel did not raise the unconstitutional jury charges on appeal.

III. There was inordinate delay on Petitioner's motion for new trial and direct appeal.

(See generally doc. no. 1, pp. 1-8; doc no. 2, p 5.)

All but one of the grounds in the current petition allege error in the following jury charges given by the trial court as to aggravated battery, aggravated assault, and false imprisonment, (see doc. no. 1, pp. 1-8):

_____

[2] Supreme Court of Georgia Docket at http://www.gasupreme.us/docket-search/ (enter "sloan" into the part of the style; click on S15H0704, last visited July 28, 2016)

Aggravated Battery: Now, members of the jury, I charge you that a person commits the offense of aggravated battery when he maliciously causes bodily harm to another by depriving him of a member of his body, by rendering a member of his body useless, or by seriously disfiguring his body or a member thereof.

False Imprisonment: Now, members of the jury, I charge you that a person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority.

Aggravated Assault: A person commits the offense of aggravated assault when that person assaults another person with intent to murder, rape or rob; with a deadly weapon or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury; or in certain cases, by discharging a firearm from within a motor vehicle toward a person without legal justification. Now, members of the jury, I charge you that to constitute an assault, actual injury to the other person need not be shown. It is only necessary that the evidence show beyond a reasonable doubt an intention to commit injury on another person, coupled with the apparent ability to commit that injury, or that the other person was intentionally placed in reasonable apprehension of immediately receiving a violent injury from the defendant. Now, members of the jury, I charge you that whether or not, under all the facts and circumstances of this case, the broken bottle, alleged in this bill of indictment to have been used in making an assault upon the alleged victims did, in fact constitute a deadly weapon as alleged, is a matter to be determined by you, the jury, from the evidence in this case.

(Doc. no. 10-8, pp. 89-91.) The trial court informed the jury that in their deliberations, they would have the indictment to examine, (id. at 95), and the trial court also provided a limiting instruction stating:

No person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt. The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. There is no burden of proof upon the defendant whatsoever, and the burden never shifts to the defendant to prove innocence. When a defense is raised by the evidence, the burden is on the State to negate or disprove it beyond a reasonable doubt.

(Id. at 82.)  In the present petition, Petitioner argues the language in the jury charges were not tailored to fit the allegations in the indictment, leading to a reasonable probability Petitioner was convicted of the crimes in a manner not charged in the indictment.  (Doc. no. 2, p. 7.)

## II.    STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 131 S. Ct. 770, 787 (2011).  Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Richter, 131 S. Ct. at 786-87 (petitioner must show state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."). A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct. Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013) cert. denied, 133 S. Ct. 2742 (2013). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398.

Moreover, under § 2254(d)(2), a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Wood v. Allen, 558 U.S. 290, 301 (2010) (explaining "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to

be correct" and the habeas petitioner has the burden of rebutting that presumption "by clear and convincing evidence."  See also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.") (internal quotation marks omitted).

## III.    DISCUSSION

### A.    Petitioner Procedurally Defaulted the Claims in Grounds I, II(a), and III.

#### 1.    A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies.

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court, but could have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir.

2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court. First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds. "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment." Boyd v. Comm'r, Alabama Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012).

A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine.

Id. at 1336 (internal quotations and citations omitted). Additionally, the Supreme Court has made clear that "a state procedural bar may count as an adequate and independent ground for

denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 131 S. Ct. 1120, 1125 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see Bailey, 172 F.3d at 1305. To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile." See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal. See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."); see also Waldrip

v. Head, 620 S.E.2d 829, 835 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default[.]").  In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition.  O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

### 2.    Ground One is Procedurally Defaulted and Meritless.

In Ground I, Petitioner argues the jury charges for aggravated battery, aggravated assault, and false imprisonment were not tailored to fit the allegations in the indictment, leading to a reasonable probability Petitioner has convicted of the crimes in a manner not charged in the indictment.  (Doc. no. 2, p. 7.)  Because of this, Petitioner argues his rights to a fair trial and to due process were violated because the trial court did not provide a limiting instruction, citing Hopkins v. State, 564 S.E.2d 805 (Ga. App. 2002).  Respondent argues the claims in Ground I were not raised in the state habeas proceeding and are procedurally defaulted under O.C.G.A. § 9-14-51.  (Doc. no. 9-1, p. 4.)

For a federal claim to be exhausted, a petitioner must "fairly present[] [it] to the state courts."  McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005).  A litigant fairly presents his federal claims to the state court when he specifies the federal source of law on which he relies, presents a case deciding his claim on federal grounds, or simply labels the claim federal.  Baldwin v. Reese, 541 U.S. 27, 32 (2004).  Accordingly, a petitioner cannot exhaust by merely setting forth facts in a state habeas petition, but must also "specify the

federal source of law on which he relies." Id. It is not enough to merely present the state courts with facts necessary to support the claim or by making a "somewhat similar state-law claim." Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1352 (11th Cir. 2012) (citing Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004)). A petitioner must make his claims in a manner that provides the state courts with the opportunity to apply controlling law to his federal claim. Id.

Here, a review of the state habeas petition shows Petitioner failed to present his federal claims now asserted in Ground One. (See generally doc. no. 10-10, pp. 6-16.) In his state habeas petition, Petitioner alleged counsel was ineffective for failing to object to the jury charges, but never alleged the trial court's erroneous jury instructions violated Petitioner's Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process. (Doc. no. 1, p. 5; doc. no. 10-10, pp. 6-16.) As Petitioner did not present his Ground I federal claims to the state courts in his state habeas petition, they are procedurally barred from review in this Court. See Baldwin, 541 U.S. at 32; see also Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

Furthermore, the factual and legal bases of these defaulted arguments were available at the time of Petitioner's sentence, direct appeal, and original state habeas petition. As it is clear that any attempt to bring these claims would be treated as defaulted by a Georgia state court under O.C.G.A. § 9-14-51, the Court can treat Petitioner's Ground I claims as barred by state law and providing no basis for federal habeas relief. See Snowden, 135 F.3d at 736.

Even assuming *arguendo* that Petitioner's claims are not procedurally barred, which they are, they are meritless because the jury charges were not unconstitutional, as explained *infra* Part B.II.

### 3. Ground II(a) is Procedurally Defaulted and Meritless.

In Ground II(a), Petitioner argues his trial counsel was ineffective for failing to object to the jury charges with regard to aggravated battery, aggravated assault, and false imprisonment. (Doc. no. 2, p. 12.) Respondent argues this claim is procedurally defaulted, as found by the state habeas court under O.C.G.A. § 9-14-48(d), because it was not raised on direct appeal. (Doc. no. 9-1, pp. 6-7; doc. no. 10-10, pp. 14-15.)

The state habeas court found Ground II(a) was procedurally barred under O.C.G.A. § 9-14-48(d) because Petitioner did not raise this claim post-trial and on appeal. (Doc. no. 10-10, p. 15); See Gaither v. Gibby, 475 S.E.2d 603, 604 (Ga. 1996). Because the state court clearly relied on O.C.G.A. § 9-14-48(d) and applied it properly when finding this claim to be procedurally barred, the Court must defer to this ruling that was based on independent and adequate state law grounds. See Boyd, 697 F.3d at 1336. Accordingly, Petitioner procedurally defaulted Ground II(a) in the federal habeas petition. Even if Ground II(a) was not procedurally defaulted, which it is, the claim is meritless and counsel was not ineffective for allegedly failing to object to the jury charges as explained *infra* Part II.B.

### 4. Ground III is Procedurally Defaulted and Meritless.

In Ground III, Petitioner argues there was inordinate delay by the trial court in ruling on his motion for new trial and direct appeal because the trial court waited eleven years after he filed his motion before taking any action. (Doc. no. 2, p. 3.) Respondent argues this

claim is procedurally defaulted, as found by the state habeas court under O.C.G.A. § 9-14-48(d), because it was not raised on direct appeal.  (Doc. no. 9-1, p. 13.)

The state habeas court found this claim was procedurally barred under O.C.G.A. § 9-14-48(d) because Petitioner did not raise the claim on direct appeal and alleged neither prejudice nor cause for not doing so.  See Gaither, 475 S.E.2d at 604; (Doc. no. 10-10, p. 15). Because the state court clearly relied on O.C.G.A. § 9-14-48(d) and applied it properly when finding this claim to be procedurally barred, the Court must defer to this ruling that was based on independent and adequate state law grounds.  See Boyd, 697 F.3d at 1336. Accordingly, Petitioner procedurally defaulted Ground III.

Ground Three is also meritless because, as the state habeas court found, Petitioner has not shown the trial court delay in ruling on the motion prejudiced him by precluding his ability to raise any issues on direct appeal.  Furthermore, Petitioner's claim of post-trial delay fails to state a claim for federal habeas relief.  In Owens v. McLaughlin, 733 F.3d 320, 329 (11th Cir. 2013), the petitioner argued his due process rights were violated because the state court waited twenty-five years before ruling on his motion for a new trial.  733 F.3d at 329. In denying the petitioner's due process claim, the Eleventh Circuit determined no constitutional violation arose from the delay.  Id.  Consequently, even in the absence of procedural default, Ground III would not entitle Petitioner to relief.

### 5. Petitioner Has Not Alleged Cause to Justify Federal Review of His Defaulted Claims in Grounds I, II(a) and III, and the Miscarriage of Justice Exception Does Not Apply.

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default."  Jones, 436

F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)).  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 132 S. Ct. 912, 922 (2012) (internal quotation marks omitted).  "Once cause is proved, a petitioner also must prove prejudice.  He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

For example, procedural default does not preclude federal habeas review when (1) the claim of ineffective assistance of trial counsel is a substantial claim; (2) the cause consisted of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."  Trevino, 133 S. Ct. at 1921; Martinez v. Ryan, 132 S. Ct. 1309, 1318-20 (2012).

Petitioner does not allege any reasons for failing to raise Grounds I, II(a), and III at trial, on appeal, or in his state habeas petition.  (See generally, doc. nos. 1, 2.)   Even assuming Petitioner is alleging ineffective assistance of trial and appellate counsel as the cause for his procedural default, this is insufficient to overcome the procedural bar.  As discussed *infra* § III.B, Petitioner did not receive ineffective assistance and cannot show

prejudice because the jury charges were not erroneous or unconstitutional. Because Petitioner has not alleged a substantial claim, these claims cannot escape the procedural bar. See Martinez, 132 S. Ct. at 1318-20. Thus, Petitioner has failed to demonstrate the cause and prejudice necessary to overcome procedural default of his claims in Grounds I, II(a), and III.

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray, 477 U.S. at 496. Petitioner does not submit any evidence he is probably innocent of the crimes for which has been convicted. To the contrary, the weight of the evidence supports his conviction.

Accordingly, there is no basis for federal habeas review of Petitioner's defaulted claims in Grounds I, II(a) and III.

**B.      Pursuant to AEDPA, This Court Defers to the State Court's Decision Denying Petitioner's Ineffective Appellate Counsel Claims in Ground II(b).**

**1.      Under Strickland v. Washington, Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims.**

Ineffective assistance of appellate counsel claims are subject to the same two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance

was deficient and prejudicial. Under the first prong, Petitioner must show "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as [trial] counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

The Court's analysis is further guided by the principle that appellate counsel is not ineffective for failing to raise a frivolous argument on appeal. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Nor does the Sixth Amendment require appellate advocates to raise every non-frivolous issue. Philmore, 575 F.3d at 1264. Appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985); see Brooks, 719 F.3d at 1301 (11th Cir. 2013).

Under the prejudice prong of Strickland, the petitioner must show that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694) (internal citation omitted). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted).

In the context of an ineffective assistance claim that was previously rejected by a state court, the petitioner bears the even heavier burden of "show[ing] that the [state courts] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see also Cave v. Sec'y for the Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where state court has previously adjudicated claim on merits, petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable"). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell, 535 U.S. 685 at 699. Moreover, because "[t]he standards created by Strickland and § 2254(d) are both highly

deferential . . . when the two apply in tandem review is doubly so." <u>Richter</u>, 131 S. Ct. at 788 (quotation marks and citations omitted); <u>see also</u> <u>Yarborough v. Gentry</u>, 540 U.S. 1, 4 (2003) (review of attorney performance is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas"). Put another way, "[t]he <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial." <u>Richter</u>, 131 S. Ct. at 788

 2. **The State Court's Application of <u>Strickland</u> to Ground II(b) Was Not Objectively Unreasonable.**

Petitioner argues in Ground II(b) his appellate counsel was ineffective because she failed to argue on appeal that the trial court's jury charges on aggravated battery, aggravated assault, and false imprisonment deprived Petitioner of due process, violating his Sixth and Fourteenth Amendment rights. (Doc. no. 2, p. 4.) The state habeas court correctly found Petitioner's ineffective assistance of appellate counsel claims lacked merit under <u>Strickland</u>. (Doc. no. 10-10, pp. 12-13.)

 A. **Testimony at State Habeas Evidentiary Hearing**

At the state habeas evidentiary hearing, Petitioner's experienced appellate counsel, Ms. Barbara Claridge, testified she had been authorized to practice law since 2000, and twenty-five percent of her practice consisted of criminal appeals. (Doc. no. 10-2, pp. 9-10.) Ms. Claridge explained that she reviewed the entire trial transcript in detail, did not see an issue of trial counsel ineffectiveness, and concluded trial counsel was effective. (<u>Id.</u> at 19.) Based on her review of the transcript Ms. Claridge determined the most viable issue on appeal was the trial court's failure to grant a mistrial when one of the state's witnesses put

Petitioner's character into evidence. (Id. at 15.) Ms. Claridge further testified that while she was aware of the long delay between the trial and appeal, she did not find the delay was prejudicial because the errors she identified were not of the type requiring witness testimony. (Id. at 13-14.)

As to the constitutionality of the jury charges for aggravated assault, aggravated battery, and false imprisonment, Ms. Claridge testified she reviewed the jury charges, did not find anything but standard and appropriate charges, and did not find the charges to be erroneous. (Id. at 16, 17-18, 20.) Simply put, Petitioner's appellate counsel testified that, based upon her thorough research and review of Petitioner's trial and the jury charges, she believed she brought the most feasible claim on appeal.

### B. State Habeas Court's Ruling on Petitioner's Ineffective Assistance of Appellate Counsel Claims

The state habeas court reviewed appellate counsel's performance under <u>Strickland</u>, and correctly determined Ms. Claridge acted reasonably in reviewing the trial transcript and raising only the most meritorious issue on appeal. (Doc. no. 10-10, pp. 12-13.) The state habeas court noted that Ms. Claridge reviewed the jury instructions and did not find any potential issues, nor did she find any evidence that trial counsel was ineffective. (Id.)

In grounds nine, ten, eleven, and twelve of his state habeas petition, Petitioner alleged Ms. Claridge was ineffective for failing to raise on direct appeal the argument that the trial court violated his due process rights when the court "erroneously" charged the jury on aggravated battery, aggravated assault with a deadly weapon, aggravated assault, and false imprisonment. (Doc. no. 10-1, pp. 6-15.) As for these contentions, the state habeas court

correctly found Ms. Claridge was not ineffective because the language in the jury charges tracked the statutory definitions and comported with the language in the indictment. (Id.) The state habeas court further noted correctly that, in the event the trial court gave a broader definition of aggravated assault in the jury charge than charged in the indictment, any prejudice was remedied by the jury instruction that the state had the burden to prove every material allegation in the indictment and each essential element of the crime beyond a reasonable doubt, and the court sent the indictment out with the jury. (Id.)

**C.    The State Habeas Court's Ruling is Entitled to Deference Because Appellate Counsel was not Ineffective in Failing to Raise Meritless Jury Charge Arguments on Direct Appeal.**

Here, the state habeas court's finding that Ms. Claridge was not ineffective under Strickland warrants deference. There is no merit to Petitioner's claims that Ms. Claridge was ineffective when she did not raise on appeal the claims that the trial court violated Petitioner's due process rights when the court charged the jury on aggravated battery, aggravated assault, and false imprisonment.

At the close of trial, the court initially read the entire indictment to the jury followed by a jury charge for each offense, which included the statutory definitions of aggravated battery, aggravated assault and false imprisonment. (See doc. no. 10-8, pp. 75-100.) Although the jury charges for aggravated battery, aggravated assault, and false imprisonment did not mirror the incident-specific language contained in each count of the indictment, the trial court's limiting instruction cured any possible risk of prejudice. Specifically, in sending the indictment out with the jury, the Court cautioned the jurors that "[n]o person shall be convicted of any crime unless and until each element of the crime is proven beyond a

reasonable doubt. The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." (Id. at 82, 95.) Any deviation between the indictment and the jury charges was remedied by the trial court's limiting instruction.

Indeed, the Georgia Supreme Court recently summarized the longstanding rule that proves Petitioner's argument is meritless as follows:

> Even where a jury instruction is defective in that the trial court instructs the jury that an offense could be committed by other statutory methods than the one method charged in the indictment . . . such a defect is cured where, as here, "the court provides the jury with the indictment and instructs jurors that the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt."

Flournoy v. State, 755 S.E.2d 777, 782 (2014) (quoting Williams v. Kelley, 728 S.E.2d 666 (2012)). Georgia Courts have applied this rule specifically in the context of all three charges on which Petitioner was convicted. See Ferrell v. State, 641 S.E.2d 658, 663 (Ga. Ct. App. 2007) (finding instruction that state bore burden of proving every material allegation of indictment cured any prejudice from deviation between indictment and jury instructions as to aggravated battery charge); Williams, 728 S.E.2d at 668 (limiting instruction cured any prejudice from deviation between indictment and jury instructions as to aggravated assault charge); Curry v. State, 768 S.E.2d 791, 796 (Ga. Ct. App. 2015) (limiting instruction cured any prejudice from deviation between indictment and jury instructions as to false imprisonment charge).

Accordingly, the trial court's jury charges properly set forth the basis on which the jury was authorized to convict Petitioner. See Thomas, 590 S.E.2d at 780. The state habeas

court's finding appellate counsel was not ineffective was not contrary to, or an unreasonable application of Strickland, and it is entitled to deference. In addition, the Eleventh Circuit has affirmed the constitutionality of Georgia's rule, and federal habeas relief is not warranted. See Banks v. Georgia, 517 F. App'x 709, 716 (11th Cir. 2013) (finding no ineffective assistance of counsel when counsel did not object to deviation in language between jury charge and indictment count when trial court gave general pattern instruction, read indictment verbatim, and gave limiting instruction).

For these reasons, in addressing Petitioner's claim of appellate counsel ineffectiveness, the state habeas court did not apply Strickland in an unreasonable manner. To the contrary, the state habeas court correctly applied Strickland in its analysis of Petitioner's claim.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 26th day of October, 2016, at Augusta, Georgia.



BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA